1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JULIE W. O'DELL, SB# 291083
2    E-Mail: Julie.ODell@lewisbrisbois.com
   650 Town Center Drive, Suite 1400
3  Costa Mesa, California 92626
   Telephone: 714.545.9200
4  Facsimile: 714.850.1030

5  Attorneys for Defendant,
   TECHSICO, INC.

6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  JUAN ANTONIO GONZALEZ, an          Case No. **'22CV1810 CAB DEB**
    individual,
12                                     **DEFENDANT TECHSICO, INC.'S**
              Plaintiff,               **NOTICE OF REMOVAL OF**
13                                     **CIVIL ACTION PURSUANT TO**
        vs.                            **28 U.S.C. § 1441(a) (DIVERSITY**
14                                     **JURISDICTION)**
    BARRETT BUSINESS SERVICES INC.,
15  a corporate entity form unknown;
    TECHSICO, INC., a corporate entity form
16  unknown; and DOES 1-50, inclusive,

17            Defendant.

18

19

20        **NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, HIS**

21  **ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES**

22  **DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

23        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

24  Defendant, TECHSICO, INC. ("Defendant"), an Oklahoma corporation, hereby

25  removes this action from the Superior Court of California, County of San Diego, to the

26  United States District Court for the Southern District of California.

27        This Court has original subject matter jurisdiction over Plaintiff JUAN

28  ANTONIO GONZALEZ' ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a), because

                                    1

1    complete diversity of citizenship exists between Plaintiff and Defendants (i.e., Plaintiff

2    is a California citizen, and the principal place of business of each Defendant is outside

3    of California, and the amount in controversy pertaining to Plaintiff's claims exceeds

4    $75,000.00).

5

6    DATED:  November 17, 2022        JULIE W. O'DELL

7                                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

8                                                      By:   _/s/Julie W. O'Dell_____

9                                                             JULIE W. O'DELL
                                                              Attorneys for Defendant, TECHSICO,
10                                                            INC.

11

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

## I.    <u>INTRODUCTION</u>

1.    This is an employment action brought by Plaintiff JUAN GONZALEZ ("Plaintiff") in connection with his employment with Defendant TECHSICO, INC. ("Techsico") and its predecessor, which Plaintiff alleges was Defendant Barrett Business Services Inc. ("BBSI").  Defendant Techsico hereby seeks to remove this action from San Diego Superior Court to this Court.

2.    On July 18, 2022, Plaintiff filed his Complaint, entitled *Juan Antonio Gonzalez v. Barrett Business Services Inc.; Techsico, Inc.; and Does 1 through 50*, in the Superior Court of California, County of San Diego, Case No. 37-2022-00029256. (Summons, Complaint and Civil Cover Sheet) ("Complaint"), attached hereto as part of **Exhibit A** to this Notice of Removal).

3.    Plaintiff asserts the following claims: (1) Discrimination in Violation of Gov. Code § 12940 et seq. ("the FEHA"); (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to Engage in the Interactive Process in Violation of the FEHA; (4) Age Discrimination in Violation of the FEHA; (5) Failure to Prevent Discrimination in Violation of the FEHA; (6) Retaliation in Violation of the FEHA; (7) Meal and Rest Break Violations of Labor Code § 226.7 (8) Failure to Provide Employment Records in Violation of California Labor Code § 1198.5; (9) Failure to Pay Overtime & Wages; and (10) Violation of Business & Professions Code § 17200 et seq.

4.    In addition to the Complaint, the state court action contains other process, pleadings, and orders, conformed copies of which are also included as part of **Exhibit A**.

5.    To Defendant Techsico's knowledge, the pleadings attached as    **Exhibit A** constitute all process, pleadings, and orders filed in the state court action. *See* 28 U.S.C. § 1446(a).

6.    The Summons to the Complaint and Complaint were served on Defendant Techsico on October 18, 2022, and Defendant BBSI on October 14, 2022, in each case / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

via personal service on the Company's Agent for Service of Process. (See Proofs of Service, attached hereto as part of **Exhibit A.**)

7.     This Notice of Removal is timely filed within 30 days after service of the Complaint on Defendant Techsico. "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

**II.**     JURISDICTIONAL BASIS FOR REMOVAL

**A.**     Diversity of Citizenship

8.     Plaintiff is a citizen of California. A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id*. at 857. It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Ayala v. Cox Auto*, No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)). Plaintiff alleges he worked during the relevant time period and continues to work for Defendant Techsico in California. Specifically, he contends, "Defendants operate out of San Marcos, California, and all of the claims and causes of action alleged herein occurred and accrued in the County of San Diego, State of California." (Complaint, p. 4 at ¶ 10.) Further, according to Defendant Techsico's records, Plaintiff resides in Menifee, California, in the county of Riverside. Plaintiff, therefore, has worked and lived in California during the relevant time and continues to do so and, thus, is a citizen of *California*.

9.     Defendant Techsico is, and at the time of filing of this action was, a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

corporation organized under the laws of **Oklahoma**, with its principal place of business in Tulsa, **Oklahoma**. (Declaration of Todd Blackburn, attached hereto as **Exhibit B** to this Notice of Removal, at ¶ 3.)  BBSI is, and at the time of filing of this action was, a corporation organized under the laws of **Maryland**, with its principal place of business in Vancouver, **Washington**. (Declaration of Bryce Hanks ("Hanks Decl."), attached hereto as **Exhibit C** to this Notice of Removal, at ¶ 4.)  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."  A corporation's principal place of business is the "nerve center…from which its officers direct, control, and coordinate all activities without regard to locale, in the furtherance of the corporate objective."  *Hertz Corp. v. Friend* 559 U.S. 77, 90 (2010).  Thus, Defendant Techsico is a citizen of **Oklahoma** and Defendant BBSI is a citizen of **Washington**, such that each Defendant is diverse not only as to one another but, as required for removal, as to the Plaintiff, a citizen of **California**.

10.    For purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b)(1); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Thus, the citizenship of alleged Doe defendants is of no consequence for purposes of this removal.

**B.**    Amount in Controversy

11.    The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interest and costs.

12.    A defendant need only establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum.  *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).  In determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    compensatory damages, attorneys' fees, statutory penalties, and punitive damages.  *See*

2    *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

3        13.   Generally, a federal district court will first "consider whether it is 'facially

4    apparent' from the complaint that the jurisdictional amount is in controversy."  *Abrego*

5    *v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).  Thus,

6    the amount in controversy may be satisfied based on the allegations in the complaint

7    alone. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a

8    defendant may use the allegations in the complaint to establish the amount in

9    controversy); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196,

10   1198 (N.D. Cal. 1998).  This is the care here, where Plaintiff expressly acknowledges

11   that he alleges damages in an amount multiple times the minimum threshold.

12       14.   Plaintiff seeks economic damages, general damages (including emotional

13   distress), and punitive damages, in connection with his FEHA claims.  (*See e.g.,*

14   Complaint at p. 7, ¶¶ 29 and 30).  As to these damages, Plaintiff alleges that as a result

15   of Defendants' alleged conduct in violation of the FEHA, "Plaintiff has suffered the

16   loss of wages, salary, benefits, the potential for advancement, and additional amounts of

17   money Plaintiff would have received but for Defendants' [discriminatory/wrongful]

18   conduct, all in an amount subject to proof at the time of trial, ***but believed to be <u>no less</u>***

19   ***<u>than</u> three hundred thousand dollars ($300,000).***  (See, e.g., Complaint, p. 7, at ¶ 29,

20   emphasis added.)

21       15.   This minimum $300,000 estimate does not even purport to cover

22   Plaintiff's alleged emotional distress damages.  Plaintiff ***separately alleges*** that he ***has***

23   ***also suffered*** and continues to suffer emotional distress and anguish, humiliation,

24   anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

25   (See, e.g., Complaint, p. 7 at ¶ 30, emphasis added.) While Plaintiff does not state a

26   specific dollar amount of damages he seeks for emotional distress, the Court can

27   properly include these damages sought when determining whether the amount in

28   controversy has been met.  *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(S.D. Cal. 1995). Emotional distress damages can be substantial and are often in the six or even seven figures for employment cases in California. *See, e.g., Raphael Vasquez v. Los Angeles County Metropolitan Transportation Authority*, Case No. BC484335, Los Angeles Superior Court, Nov. 12, 2012 (jury verdict awarding $1,250,000 for emotional distress in single plaintiff wrongful termination and discrimination case); *Campbell v. National Passenger Railroad Corp.*, 2009 WL 692094, (N.D. Cal., Mar. 3, 2009) (awarding $120,000 in non-economic damages in single plaintiff wrongful termination/retaliation case). Thus, Plaintiff's claim for emotional distress damages also can alone meet the amount in controversy requirement.

16.    Plaintiff also seeks attorneys' fees (see e.g., Complaint at p. 8, at ¶ 37) which should likewise be considered part of the amount in controversy and would further increase this sum well above the $75,000 threshold. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorneys' fees. *See Molnar v. 1-800-Flowers.com, Inc.,* No. 08-CV-0542-CAS-7Cx, 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009) ("fair estimate of attorneys' fees in this action is 25% of compensatory damages"); *Tompkins v. Basic Research LL,* No. CIV. S08244-LKK-DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (when calculating attorneys' fees for remand purposes, a reasonable estimate is 25% of the common fund). According to this benchmark rate, attorneys' fees would increase the amount in controversy here by at least **$75,000** ($300,000 x 25%), such that ***the fees alone would meet the diversity threshold, even without considering potential punitive damages***.

17.    Plaintiff also seeks significant punitive damages for each of his FEHA claims, specifically, "***$100,000.00*** in punitive damages against ***each*** [Defendant]," which do not appear to be part of Plaintiff's $300,000 estimate. (Plaintiff's Statement of Punitive Damages, attached hereto as part of Exhibit A, p. 1; see also Complaint at ¶¶ 36, 51, 66, 81, 89, and 96). Such damages also are included in determining the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

amount in controversy in a civil action. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages here would only further increase the amount in controversy well above the $75,000 threshold for Plaintiff.

18.    Accordingly, Defendant has established not only by a preponderance of the evidence, but indisputably by Plaintiff's own admission, that the amount in controversy ***indisputably exceeds $75,000 multiple times over, even without considering any unpaid wages and/or penalties at issue in connection with Plaintiff's meal and rest break claims and wage claims***.[1]

**III.    PROCEDURAL REQUIREMENTS FOR REMOVAL**

19.    Plaintiff served Defendant Techsico with the Summons and Complaint in this matter on October 18, 2022. Accordingly, this Notice of Removal is timely filed within 30 days after the date of the first receipt by Defendant Techsico of a summons and copy of the operative pleading setting forth the claims for relief upon which this action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (thirty-day time period under removal statute begins to run from the date of formal service).

20.    Defendant BBSI, the only other defendant in this case, consents to this removal. (Hanks Decl., at ¶ 2.)

21.    The Superior Court of California, County of San Diego, is located within the territorial jurisdiction of the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being

---

[1] Defendant fully denies engaging in any unlawful conduct. The arguments related to Plaintiff's potential recovery of damages and fees are submitted for the sole purpose of meeting Defendant's burden to establish the amount in controversy. Any information, arguments, or citations provided are not intended to be used as evidence in this proceeding except in support of this Notice of Removal. Defendant does not waive, and hereby preserve, any and all substantive and procedural defenses that may exist regarding an instruction on, or an award of, any damages or fees.

served upon Plaintiff. Additionally, a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of California, County of San Diego, upon receipt of a conformed copy of same.

23.    If any question arises as to the propriety of the removal of this action, Defendant Techsico requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

24.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant Techsico's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over a person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; (6) failure to allege a basis for alleged fees and/or damages or (7) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendant Techsico respectfully removes this action from the Superior Court of California, County of San Diego, to this Court, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

DATED:  November 17, 2022          JULIE W. O'DELL
                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

                                   By:    /s/Julie W. O'Dell
                                          JULIE W. O'DELL
                                          Attorneys for Defendant, TECHSICO,
                                          INC.

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW